IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | CIVIL NO. 20-00469 DKW-RT |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| NURSE HARVEY RUIZ, et al., | |
| Defendants. | |

Before the Court is pro se prisoner Francis Grandinetti's ("Grandinetti") "Federal Complaint of Nursing Fraud and Medical Torts." ECF No. 1. Grandinetti, who is currently incarcerated at the Halawa Correctional Facility, claims that he is "injured" and alleges that he "is in need of a physical exam . . . and a hospital appointment." *Id.* at PageID # 6.

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[1] and he may not proceed without prepayment of the filing fee unless his pleadings plausibly show that he was in imminent danger of serious physical injury at the

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LK (D. Haw. 2005).

time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Although Grandinetti claims that he needs updated lab work, is overdue for testing and a physical examination, and may need a shingles vaccination, he has not shown that he was in imminent danger of *serious* physical harm when he filed his Complaint. *See* ECF No. 1 at PageID # 6; *Young v. Peterson*, 548 F. App'x 479, 480 (9th Cir. 2013) ("[Plaintiff] failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint."). While Grandinetti notes that he had a torn groin muscle, broken right thumb, injured left shoulder, some blindness, and "several other injuries," he does not say when he suffered these injuries or how they affect him now. Nor does he explain why he needs a "physical exam" or "hospital appointment" or whether either request is related to these injuries. *See Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) ("[Plaintiff's] allegations . . . are too vague and speculative to invoke the exception to the three-strikes rule."). Grandinetti fails, therefore, to make a plausible allegation that he faced an imminent danger of serious physical harm.

The Court construes Grandinetti's filing of this action without paying the civil filing fee as an informal request to proceed in forma pauperis. So construed, the request is DENIED, and this action is DISMISSED without prejudice. This

does not prevent Grandinetti from raising his claims in a new action with concurrent payment of the civil filing fee.  The Clerk is DIRECTED to terminate this case.  The Court will take no action on documents filed herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: November 3, 2020 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Francis Grandinetti v. Nurse Harvey Ruiz, et al*; Civil No. 20-00469 DKW-RT;
**DISMISSAL ORDER**